UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. King,<br>    Plaintiff,<br><br>        v.<br><br>Southeast Cinema Entertainment, Inc. d/b/a Citadel Mall Stadium 16,<br>    Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, and racial discrimination under 42 U.S.C. §1981, as amended, and in violation of the SC Human Affairs Law.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a.    A charge of employment discrimination on basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with South Carolina Human Affairs Commission ("SHAC") and Equal Employment Opportunity Commission ("EEOC").

    b.    Notification of the Right to Sue was received from EEOC on or about January 14, 2025.

    c.    This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Darrell L. King, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. That, upon information and belief, the Defendant, Southeast Cinema Entertainment, Inc. d/b/a Citadel Mall Stadium 16, is a domestic corporation organized and operating in the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

### STATEMENT OF FACTS

10. The Plaintiff began working for Defendant in or around August 2023, as a Manager. That at all times relevant, the Plaintiff was effective and efficient at his work.

11. On or about December 18, 2023, the General Manager, Tara Conley, and Opening Manager, Bryant Martinez-Hernadez, made racist remarks to Plaintiff about a movie that was showing, "The Color Purple." Ms. Conley and Mr. Martinez-Hernadez referred to Plaintiff and people of his race "colored people."

12. The Plaintiff reported the discrimination to his supervisor and District Manager, Stacey Johnson, but nothing was done.

13. The Plaintiff had a meeting with the managers because he requested a phone number to Human Resources. The Plaintiff was told to follow the chain of command because there is no Human Resources, and again nothing was done.

14. Following Plaintiff reporting the incident, he was subjected to further discrimination and retaliation on or about March 27, 2024, when Mr. Martinez-Hernadez sent a screenshot text to Plaintiff's phone from Ms. Conley showing Diddy Kong, a fictious monkey, as Plaintiff's contact photo.

15. Additionally, Ms. Conley told Plaintiff "I've been with a black guy and the only thing they are good for is making me orgasm," and referred to another African American male as "that black guy and his two bitches."

16. The Plaintiff was passed over for the job openings and non-African Americans who had less experience as the Plaintiff were selected for the positions.

17. In retaliation for his complaints, the Plaintiff was terminated on or about June 10, 2024, due to the racial discrimination reports to Ms. Johnson.

18. Despite the Plaintiff reporting the racial discrimination, the Defendant did not take any action to address or cure the discrimination.

19. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII – Racial Discrimination

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to his race, color or national origin;

    b. In showing preferential treatment to non-African American employees and detrimental treatment to Plaintiff; and

    c. In discharging Plaintiff due to his race, color or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors;

    d. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

23. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

24. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

25. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

26. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

27. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII - Retaliation

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on his race, color or national origin, and sex/gender Plaintiff was terminated from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

30. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

31. The Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

32. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

33. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

36. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Landon L. Brock*
Landon L. Brock (Fed. I.D.# 13528)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
March 12, 2025